IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-237-BR

| | | |
|---|---|---|
| BEN ARTIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on plaintiffs' motion to exclude late-disclosed witnesses. (DE # 93.) Defendant has filed a response in opposition to the motion. (DE # 140.)

Plaintiffs argue that defendant did not abide by a pretrial deadline, by failing to disclose the names, addresses, and phone numbers of 17 fact witnesses. Pursuant to court order, in response to the parties' joint motion for entry of schedule of certain pretrial deadlines, pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3) and Local Civil Rule 16.1 were due 21 May 2018. (DE # 57.) Plaintiffs contend defendant's disclosure of 16 trial witnesses on 28 May 2018, and one additional witness disclosure on 30 May 2018, is untimely and prejudicial and request that the court exclude the newly identified witnesses. Defendant, in response, acknowledges these pretrial witness disclosures were seven to nine days late, however, it argues that the late disclosures are harmless. Defendant argues one newly identified witness, William "Gus" Simmons, was also substantially justified, because defendant only recently discovered the basis to identify Simmons as a fact witness.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure to disclose was substantially justified or is harmless, the Fourth Circuit is guided by five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The burden is placed on the nondisclosing party. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014); Bailey v. Christian Broad. Network, 483 F. App'x 808, 810 (4th Cir. 2012) (unpublished).

Defendant has failed to meet its burden. Sixteen of the seventeen witnesses were known to defendant in ample time for pretrial disclosure. There is only one witness, Simmons, who defendant contends is newly discovered. Information relevant to Simmons, as indicated by defendant, was on the record in the related case of McGowan, No. 5:14-CV-182, on 16 May 2018, five days before the pretrial disclosure deadline. (See DE # 140, at 5; McGowan, DE # 153.) It is paramount in this case, where interrelated cases are scheduled for trial in coming months that deadlines are met. Particularly so where the parties have jointly agreed to the deadlines for disclosure, and the nondisclosing party acknowledges the lateness of its disclosure. Accordingly, the court agrees with plaintiffs that exclusion is the appropriate remedy.

The motion is ALLOWED.

This 27 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge