IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-237-BR

| | |
|---|---|
| BEN ARTIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant's motion to exclude the testimony of Dale Meyer. (DE # 114.) Plaintiffs have filed a response in opposition to the motion. (DE # 142.)

Defendant moves to exclude the testimony of Meyer at trial because he invoked his Fifth Amendment right against self-incrimination while deposed, and if he does so at trial, such evidence is irrelevant and unfairly prejudicial. If its motion is denied, defendant requests that the jury be instructed that it may not draw an adverse inference. Plaintiffs argue the motion is premature. Plaintiffs contend this motion assumes Meyer will in fact be called and invokes the Fifth Amendment at trial. Further, plaintiffs argue that if Meyer is called and questioned, it will provide a foundation for the court to assess the factors the court should consider when a nonparty invokes its Fifth Amendment privilege.

The Fourth Circuit does not have a relevant standard to apply when a nonparty invokes its Fifth Amendment right against self-incrimination in a civil action. Defendant relies on the standard the Second Circuit applies, citing LiButti v. United States, 107 F.3d 110, 123-24 (2d Cir. 1997). LiButti evaluates four non-exclusive factors to determine if the nonparty witness should

be excluded from testifying: "(1) the nature of the relevant relationships, (2) the degree of control of the party over the non-party, (3) the compatibility of the interests of the party and the non-party in the outcome of the litigation, and (4) the role of the nonparty in the litigation." Id. This test also applies to whether an adverse inference instruction is permissible.

However, LiButti only applies when a party seeks to have the nonparty's invocation of the Fifth Amendment admitted at trial, either through the admission of deposition testimony, see id. at 124; Cargill, Inc. v. WDS, Inc., No. 3:16-cv-00848-FDW-DSC, 2018 WL 1525352, at *11 (W.D.N.C. Mar. 28, 2018); Urethane Antitrust Litig., No. 04-1616-JWL, 2013 WL 100250, at *2 (D. Kan. Jan. 8, 2013), or on the witness stand, see Coquina Investments v. TD Bank, N.A., 760 F.3d 1300, 1311 (11th Cir. 2014); Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co., 819 F.2d 1471, 1481 (8th Cir. 1987); Miller v. Pilgrim's Pride Corp., No. 5:05CV00064, 2008 WL 178473, at *8 (W.D. Va. Jan. 16, 2008) (unpublished).

Plaintiffs have listed Meyer as a witness in the pretrial order, but have not moved to admit his deposition testimony or given certainty that they will call him as a trial witness at this time. Accordingly, defendant's motion is premature. See Sec. & Exch. v. Melvin, No. 1:12-CV-2984-CAP, 2014 WL 11829332, at *3 n.8 (N.D. Ga. Nov. 21, 2014) (unpublished) (applying LiButti on a witness-by-witness basis at trial).

The motion is DENIED WITHOUT PREJUDICE.

This 27 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge