IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-237-BR

| BEN ARTIS, et al., | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions: Defendant's Motion to Exclude or Limit Testimony of Dr. Merchant (DE # 65); Defendant's Motion to Exclude the Expert Testimony of Kendall Thu, Ph.D. (DE # 71); Plaintiffs' Omnibus Motion to Exclude or Limit Opinions of Defendant's Experts Listed for the Third Trial Group (# 74); Defendant's Motion to Exclude Expert "Fear Of" Testimony Unless and Until the Plaintiffs Supply a Factual Foundation for that Testimony (DE # 78); Defendant's Motion to Exclude or Limit Expert Testimony of Shane Rogers, Ph.D. (DE # 80); Defendant's Motion to Exclude Evidence of Diagnosable Medical Conditions at Trial (DE # 90); Defendant's Motion to Exclude Evidence of Antibiotic Use at Trial (DE # 92); Defendant's Motion to Exclude Worker Health-Related Evidence at Trial (DE # 94); Defendant's Motion For a Jury View (DE # 96); Defendant's Motion to Exclude Evidence of Alternative Technologies Used at Swine Farms in Other States (DE # 98); Defendant's Motion to Exclude References to and Evidence of Chinese Ownership, Exports of Pork to China and Other Asian Nations, and Racial Issues (DE # 100); Defendant's

Motion for a Bifurcated Trial (DE # 103); Defendant's Motion to Exclude Evidence Pertaining to Missouri Litigation Matters (DE # 106); Defendant's Motion to Exclude Evidence of Insufficiently Similar Studies, Articles, and Other Acts Purportedly Relevant to "Notice" (DE # 108); Defendant's Motion to Exclude Misleading Financial Evidence (DE # 110); Defendant's Motion for Reconsideration of Ruling on Plaintiffs' Motion for Partial Summary Judgment with Regard to Defendant's "Right to Farm Act" Defense (DE #113); Plaintiff's Motion to Exclude Expert Testimony from Defendant's Lay Witnesses (DE # 116); Plaintiffs' Motion Regarding Evidence or Argument on Hiring an Attorney (DE # 117); Plaintiffs' Motion Regarding Evidence or Argument on Dismissed and Abandoned Claims and Parties (DE # 118); Plaintiffs' Motion Regarding Evidence or Argument on Medical Records (DE # 119); Defendant's Motion to Exclude Certain Photographs and Videos (DE # 121); and Defendant's Motion to Exclude Evidence of Lobbying or Other Political Activities (DE # 125). Responses have been filed to these motions. (DE ## 87, 89, 133, 135, 136, 137, 138, 144, 146, 150.)

In the related cases of <u>McKiver v. Murphy-Brown, LLC</u>, No. 7:14-CV-180-BR, and <u>McGowan v. Murphy-Brown, LLC</u>, No. 7:14-CV-182-BR, the parties filed similar, if not virtually identical, motions to the motions now before the court. Plaintiffs urge the court to apply its prior rulings to this case. As to some of the pending motions, defendant points out factual differences between this case and the related cases and/or refines its legal arguments to support its contention that a result different from that in the related cases is appropriate. The court has considered the factual differences, if any, and the arguments and concludes that it adopts its prior rulings as follows.

I. <u>Motions Related to Experts</u>

1. Defendant's motion to exclude or limit the testimony of Dr. Merchant is ALLOWED IN PART and DENIED IN PART such that Dr. Merchant may not testify as to: complaint-driven systems; occupational exposures; Murphy-Brown's knowledge of community health effects studies; corporate responsibility; warnings; and occupational exposures.

2. Defendant's motion to exclude the expert testimony of Kendall Thu, Ph.D. is ALLOWED subject to the court's ruling on any motion plaintiffs file to permit Dr. Thu's non-cumulative testimony regarding scientific and industry knowledge.

3. Defendant's motion to exclude or limit the expert testimony of Shane Rogers, Ph.D. is DENIED. Counsel may raise an objection to questions that will call for Dr. Rogers to testify outside of the area(s) of his expertise.

4. Plaintiffs move to exclude or limit opinions of defendant's experts. As to Pamela Dalton, the motion is ALLOWED such that Dr. Dalton may not testify about the odor monitoring study and her opinion regarding the lack of odor nuisance and DENIED as to the unreliability of self-report of odor, the biology of olfaction, and factors that influence individual perception of and response to odor. As to Jennifer Clancy, the motion is ALLOWED such that Dr. Clancy may not testify regarding her opinion that "Dr. Rogers has erroneously concluded that Murphy-Brown farms are the source of significant odors and harmful pollutants impacting the lives of the plaintiffs," and other opinions supporting defendant's case-in-chief, and DENIED as to her rebuttal opinions regarding Pig2Bac as an indicator of pig fecal DNA and Dr. Rogers' sampling analysis and methodology. As to

Todd See, the motion is DENIED. As to defendant's other listed experts, the motion is RESERVED.

II. Motions in Limine

1. Defendant's motion to exclude expert "fear of" testimony unless and until the plaintiffs supply a factual foundation for that testimony is DENIED.

2. Defendant's motion to exclude evidence of diagnosable medical conditions at trial is ALLOWED as to any plaintiff's testimony that a diagnosable medical condition was caused by defendant's operations and otherwise DENIED.

3. Defendant's motion to exclude evidence of antibiotic use at trial is DENIED.

4. Defendant's motion to exclude workers health-related evidence at trial is ALLOWED.

5. Defendant's motion to exclude evidence of alternative technologies used at swine farms in other states is DENIED.

6. Defendant's motion to exclude references to and evidence of Chinese ownership, exports of pork to China and other Asian nations, and racial issues is ALLOWED as to the question of whether exports are going to China, references to racial discrimination, slavery or poverty, unless they are relevant to the facts; the words "Communist Party," "Peoples Liberation Army," "Chinese Government," and the 12 January 2017 letter from the Environmental Protection Agency to the North Carolina Department of Environmental Quality, and is otherwise DENIED.

7. Defendant's motion to exclude evidence pertaining to Missouri litigation matters is DENIED.

4

8. Defendant's motion to exclude evidence of insufficiently similar studies, articles, and other acts purportedly relevant to "notice" is DENIED.

9. Defendant's motion to exclude misleading financial evidence is ALLOWED with respect to evidence of executive compensation of individuals by name and DENIED as to the scope of financial evidence.

10. Plaintiffs' motion to exclude expert testimony from defendant's lay witnesses is ALLOWED and defendant's alternative request to designate Terry Coffey and Kraig Westerbeek as experts is DENIED.

11. Plaintiffs' motion to exclude evidence or argument on hiring an attorney is ALLOWED.

12. Plaintiffs' motion to exclude evidence or argument on dismissed and abandoned claims is ALLOWED IN PART and DENIED IN PART such that defendant may introduce evidence related to M&D Sow Farm because such evidence is relevant to causation.

13. Plaintiffs' motion to exclude evidence or argument on medical records is ALLOWED IN PART and DENIED IN PART such that defendant may not broadly introduce plaintiffs' medical records, but may use them to impeach a witness whose testimony is contradicted by evidence contained in the medical records.

14. Defendant's motion to exclude: (1) videos and photographs showing other farms and swine on farms other than the Piney Woods Road Farms; (2) videos and photographs of lagoons on properties other than the Piney Woods Road Farms; (3) photographs showing flooding conditions on any property other than the Piney

Woods Road Farms; (4) Ben Artis' photograph of a dumpster unrelated to this property and other photographs of dumpsters or morality management from other farms; (5) photographs of gestation crates or other animal welfare issues unrelated to the Piney Woods Farms; and (6) Corey Robinson's photographs depicting hidden dead swine inside of Greenwood 2's dumpster, is RESERVED for trial.

15. Defendant's motion to exclude evidence of lobbying and other political activities is ALLOWED as to evidence of editorial cartoons and DENIED as to evidence of lobbying and public relations activity.

III. Other Motions

1. Defendant's motion for a jury view is DENIED.
2. Defendant's motion for a bifurcated trial is DENIED.
3. Defendant's motion to reconsider the court's ruling on plaintiffs' motion for partial summary judgment with regard to defendant's "Right to Farm Act" defense is DENIED.

This 28 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge