IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-237-BR

| | |
|---|---|
| BEN ARTIS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ORDER ) |
| MURPHY-BROWN LLC, | ) ) |
| Defendant. | ) ) |

This matter is before the court on Plaintiffs' motion for a protective order [DE-157], to which Defendant filed a response in opposition [DE-159], and Defendant's motion to compel production of documents [DE-168]. A hearing on the motion for protective order was held on this day, and the issues are ripe for decision. For the reasons set forth below, the motion for protective order is allowed and the motion to compel is denied as moot.

**I. BACKGROUND**

This case is one of five bellweather cases in which discovery concluded, but for some limited exceptions not relevant here, on October 31, 2016. Master Case No. 5:15-CV-13 [DE-96]. The trial for six plaintiffs in this case—the third trial in a series of eleven comprising the trials of the bellweather cases—is scheduled to begin tomorrow, July 10, 2018. Defendant issued identical document subpoenas dated June 15 and 22, 2018, to Tom Butler, a nonparty who testified as a fact witness for Plaintiffs at the first two trials. Pls.' Mem., Exs. 4–5 [DE-158-4, -5]. On June 22, 2018, Defendant provided notice to Plaintiffs that it would issue the Butler subpoena. *Id.*, Ex. 5 [DE-158-5]. Defendant issued five document subpoenas (one in each bellweather case) dated June 27, 2018, to Source Molecular, a nonparty laboratory located in Florida, which analyzed samples

of Plaintiffs' expert, Dr. Rodgers. *Id.*, Ex. 7 [DE-158-7]. Defendant provided notice to Plaintiffs that it would issue the Source Molecular subpoenas on the same date. *Id.* After satisfying the meet and confer requirements, Fed. R. Civ. P. 26(c)(1) & Local Civ. R. 7.1(c)(2), Plaintiffs filed the instant motion for protective order to bar the production of documents requested from Butler and Source Molecular pursuant to the subpoenas, and Defendant filed the instant motion to compel Butler to produce documents responsive to the June 22, 2018 subpoena.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure permits a party to issue subpoenas for the production of documents and other things from nonparties. Fed. R. Civ. P. 45(a)(1)(C); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). A subpoena is to be issued from the court where the action is pending, Fed. R. Civ. P. 45(a)(2), but before serving a subpoena on a nonparty, counsel must serve a notice and copy of the subpoena on each party, Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). "This notification requirement exists, in part, to allow a party to object to both the substance of the subpoena and its service on the nonparty." *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-CV-227, 2015 WL 6110859, at *5 (M.D.N.C. Oct. 16, 2015). A subpoena may command production of documents at a place within 100 miles of where the subpoenaed person

2

resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2). A nonparty served with a subpoena may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d). A court must quash or modify a subpoena that fails to allow a reasonable time to comply or requires a person to comply beyond the geographical limits specified in the Rule. Fed. R. Civ. P. 45(c)(3).

"Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sep. 27, 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House. Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

However, simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th

3

Cir. 2004). Indeed, the court is authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26 (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009); *Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999); *see Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003).

Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. July 12, 2012). However, where the challenging party has moved for a protective order, the court is permitted to consider its position on the merits. *EEOC v. Bojangles Restaurants, Inc.*, No. 5:16-CV-654, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017); *Brown v. Mountainview Cutters, LLC*, No. 7:15-CV-204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016) ("[E]ven if the court could find that [the movant] did not have standing to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad."); *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena. . . . Notably, however, Defendant has also made a motion for a protective order under

4

Rule 26; therefore, Defendant has standing to challenge the subpoenas under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45.").

## III. ANALYSIS

Plaintiffs contend the document subpoenas constitute improper and untimely discovery in violation of the court's scheduling order, or are otherwise defective, and seek a protective order pursuant to Rule 26(c) precluding compliance by the nonparties. Pls.' Mem. [DE-158] at 2–11. Defendant contends Plaintiffs lack standing to challenge the subpoenas, Defendant's issuance of the subpoenas is consistent with Plaintiffs' recently-issued subpoena to Mr. Hilton, and these documents will eventually be obtained when fact discovery opens in other related cases involving the same factual matter. Def.'s Mem. [DE-159] at 1–6.

First, Plaintiffs have properly challenged the subpoenas through a motion for protective order under Rule 26(c), and Defendant's standing challenge fails. *See Bojangles*, 2017 WL 2889493, at *4 ("[E]ven if plaintiff were deemed not to have standing to challenge the subpoena, plaintiff has also moved for a protective order, permitting the court order to consider its position on the merits."); *CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-CV-157-D, 2016 WL 1244998, at *5 (E.D.N.C. Mar. 23, 2016) (concluding that even if a party were deemed not to have standing to challenge a subpoena to a nonparty, the court could consider the party's motion for protective order challenging the subpoena on the merits) (citation omitted).

Next, having reviewed the documents requested, the court finds the subpoenas seek "discovery" that should have been conducted prior to the October 31, 2016 deadline. The scope of documents sought through the subpoenas is extremely broad. The documents requested from Butler include four years of lagoon irrigation field records, all contracts between Butler Farms and Prestage Farms, all permits issued to Butler Farms by DEQ or DENR, all DEQ and/or DENR

5

inspection forms related to Butler Farms from 2014 to present, all grant applications or cost share applications submitted since 2014 for all waste management systems or equipment related to Butler Farms, all notices of violation or plans of action issued to Butler Farms from the permit date to present, all documents or communications related to odor complaints against Butler Farms, all profit and loss statements related to Butler Farms, all manuals for all waste management technology on Butler Farms, all documents related to evaluations of any waste management technologies tested or implemented on Butler Farms, the mortality management plan applicable to Butler Farms, and any other documents related to irrigation or land application related to Butler Farms from 2014 to present. Pls' Mem., Ex. 5 [DE-158-5] at 8–9. The documents sought from Molecular Source include all correspondence, documents, and materials between it and Dr. Rodgers, his agents, or Plaintiffs' counsel related to the analysis of samples submitted related to the private residences or swine farms in 2016 involving the detection of the fecal pig gene biomarker (the "Project"), all documents, materials, and data relating to any sample sent to it involving the Project, all documents and materials constituting its Data Management Plan, Data Analysis Plan, Quality Assurance Project Plan, Standard Operating Procedure, methodology for qPCR assays, standard deviation curve used for testing, and how it processes non-water samples to extract DNA related to the Project, and all documents and materials relating to its procedures and methodologies to test for pig2bac from any sample type, and relating to how to interpret and understand such testing results. *Id.*, Ex. 7 [DE-158-7] at 10–12.

Defendant's exhaustive and wide-ranging requests are far from the situations noted by the court in the *Mortgage Information Services* case, referenced by Defendant at the hearing, where a subpoena duces tecum would not constitute "discovery," such as requests for production at trial of original documents previously disclosed in discovery or documents for the purpose of memory

6

refreshment. *See Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002) (citing *Rice v. United States*, 164 F.R.D. 556, 558 n.1 (N.D. Okla.1995); *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997)). The fact that *Mortgage Information Services* involved a subpoena served on a party is a distinction immaterial to the analysis here. Moreover, Defendant's characterization at the hearing of the subpoenas as limited in seeking documents related to anticipated trial testimony does not make them permissible under Rule 45, where they undoubtedly seek "discovery" governed by the court's scheduling order. *See Oceans One Eleven, L.L.C. v. Beach Mart, Inc.*, No. 2:07-CV-8-BO, 2008 WL 11381424, at *5 (E.D.N.C. Apr. 24, 2008) ("[S]ubpoenas for the production of documents, when used as discovery tools, must be issued prior to the close of the discovery period.") (citations omitted).

Finally, that Defendant believes Plaintiffs have served a similar subpoena is unavailing where Defendant failed to challenge that subpoena. Further, the fact that Defendant may ultimately obtain these documents during the discovery period in future cases does not excuse their failure to seek them during the discovery period in the bellweather cases. The failure to adhere to the deadlines set by the court is not equivalent to Defendant's cited examples of placing form over substance or to sustaining procedural objections that result in no prejudice to the other party. *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) ("[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Accordingly, having found the subpoenas seek discovery out of time, the motion for protective order is allowed, and the motion to compel responses to the June 22, 2018 Butler subpoena is denied as moot.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for protective order is allowed, the June 15 and 22, 2018 subpoenas to Tom Butler and the June 27, 2018 subpoenas to Source Molecular are quashed, and Defendant's motion to compel compliance with the June 15, 2018 Butler subpoena is denied as moot.

SO ORDERED, the 9th day of July 2018.

Robert B. Jones, Jr.
United States Magistrate Judge