IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-237-BR

| | | |
|---|---|---|
| BEN ARTIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MURPHY-BROWN, LLC, d/b/a | ) | |
| SMITHFIELD HOG PRODUCTION | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter is before the court on defendant's motion to exclude certain testimony limitations on Dr. Rogers' site inspections (DE # 112) and plaintiffs' motion to exclude untimely-disclosed documents or witnesses on recent alternative technology projects (DE # 127.) Both parties have filed responses in opposition. (DE ## 145, 148.)

I. Defendant's Motion to Exclude Certain Testimony About Limitations on Dr. Rogers' Site Inspections

Defendant seeks to limit the testimony of Dr. Rogers regarding limitations defendant imposed on his inspections of the hog farms because such testimony is false, misleading, and unduly prejudicial under Federal Rule of Evidence 403. Defendant argues the evidence is misleading because the parties negotiated the site inspection limitations through court order and Dr. Rogers' testimony on the subject constitutes a legal interpretation of the court order. Defendant also argues "Dr. Rogers' statements and insinuations are legally and factually" false and thus unfairly prejudicial. Further, defendant contends the introduction of this evidence would result in wasted time because defendant would be required to introduce counter-evidence

and argument on the issue.  Plaintiffs respond that evidence of defendant's delaying and obstructionist tactics surrounding the site inspections were addressed in Dr. Rogers' expert report and declaration, and various briefs.  Plaintiffs argue any objection to this evidence goes to its weight not admissibility.

"[R]elevant evidence [may be excluded] if its probative value is substantially outweighed by [] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "[U]ndue prejudice occurs when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence."  See United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993) (finding evidence of child molestation, homosexuality, and abusing women inflammatory and highly prejudicial).  Misleading the jury occurs when evidence distracts, rather than helps, the jury.  See In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig., 810 F.3d 913, 922 (4th Cir. 2016) (finding that subjecting the jury to days of complex testimony on a question not central to the action as misleading).  "The balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly."  United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).

Before trial, the court cannot determine what questions plaintiffs' counsel intends to ask Dr. Rogers and what Dr. Rogers will answer based upon what he believes to be limitations on the site inspection.  The court expects plaintiffs' counsel to accurately characterize any limitation imposed on a site inspection.  If defense counsel disagrees with the characterization, an objection can be lodged at the time of the question.  Further, defendant may use the court's order regarding site visits for cross examination of the witness.  Defendant's motion is DENIED.

II. Plaintiffs' Motion to Exclude Untimely-Disclosed Documents or Witnesses on Recent Alternative Technology Projects

Plaintiffs appear to seek to preclude fact witnesses William "Gus" Simmons and Kraig Westerbeek from testifying as expert witnesses as well as to preclude the admission of documents purportedly related to defendant's recent alternative technology projects. As for any testimony from Simmons or Westerbeek, plaintiffs' motion is mooted by the court's prior order excluding late-disclosed witnesses, including Simmons, and the prior order excluding expert testimony from lay witnesses and denying defendant's request to designate Westerbeek as an expert witness. As for the exclusion of any documents related to defendant's recent alternative technology projects, the court will consider plaintiffs' objections, if any, to the admission of a particular exhibit at trial. Plaintiffs' motion is DENIED.

This 10 July 2018.

_____
W. Earl Britt
Senior U.S. District Judge