IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE MCKIVER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 7:14-CV-180-BR |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) |
| Defendant. | ) |

| | |
|---|---|
| WOODELL MCGOWAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 7:14-CV-182-BR |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) |
| Defendant. | ) |

| | |
|---|---|
| EUNICE ANDERSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 7:14-CV-183-BR |
| MURPHY-BROWN, LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| ANNJEANETTE GILLIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 7:14-CV-185-BR |
| ) | |
| MURPHY-BROWN, LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

| | |
|---|---|
| BEN ARTIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 7:14-CV-237-BR |
| ) | |
| MURPHY-BROWN, LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

On 9 August 2018, plaintiffs filed a motion to clarify, modify, or vacate in part the order dated 27 June 2018, in Artis v. Murphy-Brown, LLC, No. 7:14-CV-237-BR ("Artis").[1] (DE # 227.) In response, on 21 August 2018, defendant filed a cross-motion to stay "gag order" pending review by the Fourth Circuit. (DE # 235.) On 24 August 2018, plaintiffs filed a reply brief and response to defendant's cross-motion. (DE # 239.)

---

[1] This motion is filed solely in Artis, however, the June 27 order was entered in all of the five above-captioned "Discovery Pool" cases. Accordingly, the court enters this order in all cases to which the June 27 order applied.

2

The subject order was entered in the Discovery Pool cases while the jury in the second trial, McGowan v. Murphy-Brown, LLC, No. 7:14-CV-182-BR ("McGowan"), was deliberating. At that time, the court was also on the precipice of the third trial, Artis, in a series of eleven Discovery Pool trials. While the court did not act upon a specific motion when issuing the order, it relied upon concerns voiced by both parties in McGowan that growing trial publicity was affecting the integrity of the judicial process and potential jurors. In McKiver v. Murphy-Brown, LLC, No. 7:14-CV-180-BR, and McGowan such publicity included: press releases and information disseminated on various websites and blogs, including one registered to the subsidiary of defense counsel's law firm; an article intimidating a potential witness through her Facebook feed; and public rallies. Further, likely as a result of the significant publicity, plaintiffs' counsel received a direct threat by a member of the public via email, which the court referred for further investigation.

In McGowan, in the two weeks prior to the order, allegations were brought before the court regarding potential juror misconduct and exposure to trial publicity. Following the allegations, the court individually questioned each juror on any information learned about the cases outside of the court and any media sources used by each juror during the trial. After the interviews, defendant moved for a mistrial. While the court ultimately denied defendant's motion, upon a finding that each juror expressed that she/he could remain fair and impartial, defense counsel's sentiment that "this is a serious and unfortunate matter that unfortunately goes to the integrity of the courts" resonated with the court. (McGowan, DE # 302, at 58.) In fact, an article was published later that day containing information concerning the morning's events, which at that time was not public knowledge. After considering alternate solutions, such as jury sequestration, the court issued the order to protect the integrity of the trial process. In the next

trial, Artis, the court also propounded additional voir dire questions on potential jurors' knowledge of the issues involved in this litigation.

Given that the next trial in the Discovery Pool cases has been recently continued until 13 November 2018, the court hereby VACATES its 27 June 2018 order. If any party feels that a similar order is warranted prior to the beginning of the next trial, a motion to that effect and memorandum in support, limited to 30 pages, shall be filed on or before 18 September 2018. Any interested party may file a response brief limited to 30 pages within 7 days of the filing of a party's brief. No reply briefs are permitted. Plaintiffs' motion and defendant's motion are hereby DENIED AS MOOT.

This 31 August 2018.

_____
W. Earl Britt
Senior U.S. District Judge